IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD J. NICHOLAS, : | |
| : | |
| Petitioner : | CIVIL ACTION NO. 4:CV-05-1771 |
| : | |
| v. : | (Judge Jones) |
| : | |
| COMMONWEALTH : | |
| OF PENNSYLVANIA, et al., : | |
| : | |
| Respondents : | |

**MEMORANDUM AND ORDER**

July 5, 2006

Petitioner, Edward J. Nicholas ("Petitioner" or "Nicholas"), filed the instant Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2254. He attacks a conviction imposed by the Court of Common Pleas for Dauphin County, Pennsylvania. (Rec. Doc. 1). For the reasons that follow, the Petition will be dismissed as untimely.

**Background**

The following background has been extracted from the opinion of the Superior Court of Pennsylvania, addressing Petitioner's direct appeal.

On August 17, 1997, the victim was at his brother's residence on

Second Street in Harrisburg. At about 3:00 a.m., the two left the apartment and started walking to the Town News, a convenience store located on Second Street, in order to purchase cigarettes and soda. While they were walking down the street, the victim observed an acquaintance named Melvin across the street. At that point, the victim crossed the street in order to speak with Melvin. While they were talking the victim's brother waited on the other side of the street. Shortly thereafter, Darian Dudick (Dudick), Appellant's co-defendant, came round the corner and started talking with the victim's brother.

Upon ending his conversation with Melvin, the victim crossed the street and rejoined his brother who was still talking with Dudick. A moment later, Appellant was seen across the street talking with Melvin. At some point, Appellant approached the victim and asked if he could speak with him down an alley off Second Street. The victim then followed Appellant into the alley. Once they were both about five feet down the alley, Appellant allegedly asked the victim if he wanted to buy some drugs, to which the victim responded that he did not. The victim then began walking out of the alley when he was grabbed from behind, choked, and thrown into a wall. The victim was then dragged back down the alley where he alleges that he was punched about eight or nine times. As a result of these blows, the victim, who suffers from a mild form of cerebral palsy and has a history of seizures, suffered a broken jaw and the loss of four teeth.

According to the criminal complaint, Appellant had demanded money from the victim and, when the latter refused, Appellant struck him in the face several times. While Appellant and the victim were in the alley, Dudick prevented the victim's brother from rendering assistance to his sibling. As a result of this incident, both Appellant and Dudick were charged with criminal conspiracy, robbery, and aggravated assault. At a joint trial, the victim testified that he could not remember anything during the

> attack. Upon cross-examination, the victim testified that he didn't see who hit him nor could he recall whether there was any one else in the alley other than himself. The victim's brother testified that Appellant grabbed the victim as the victim began to leave the alley. Finally, the victim's brother testified that at some point Dudick went back into the alley during the assault.
>
> Dudick testified on his own behalf. He stated that he was standing right next to the alley and saw Appellant grab the victim from behind, throw him into a wall, and drag him down the alley. Dudick further testified, however, that at no time did he see Appellant punch the victim. Appellant also testified on his own behalf. Although he admitted punching the victim, he testified that he only did so on two occasions. In addition, Appellant asserted that the victim's injuries were caused by a violent seizure, rather than by the blows he delivered to the victim.

Rec. Doc. 30, Ex. B, Opinion of the Superior Court of Pennsylvania dated September 23, 1999.

On May 15, 1998, following a jury trial, Nicholas was found guilty of aggravated assault and acquitted of the charges of robbery and criminal conspiracy, while Dudick was acquitted of all the charges. Id. On July 10, 1998, Nicholas was sentenced to a term of imprisonment of 6½ to 20 years. Id. Nicholas thereafter filed timely motions to modify sentence and in arrest of judgment which were denied by the trial court on November 9, 1998. (Rec. Doc. 30, Ex. C, Opinion of Dauphin County Court of Common Pleas dated April 9, 2001).

On November 17, 1998 Nicholas filed a direct appeal to the Pennsylvania Superior Court, in which he raised the sole issue that trial counsel was ineffective for failing to request a corrupt and polluted source instruction with regard to Dudick's testimony. Id. On September 23, 1999, the Superior Court issued a Memorandum Opinion affirming Petitioner's conviction. Id. Nicholas did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania.

On June 29, 2000, Nicholas filed a petition under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541, et seq. ("PCRA"). (Rec. Doc. 30, Ex. C). Nicholas raised the following grounds for relief:

    a.    A violation of the constitution of Pennsylvania or laws of this Commonwealth or the constitution of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place;

    b.    Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place;

    c.    The improper obstruction by Commonwealth officials of the [defendant's] right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court;

    d.    A violation of the provisions of the constitution, law or treaties of the United States which would require the

4

>
> granting of federal habeas corpus relief to a state prisoner;
>
> e. The unavailability at the time of trial of exculpatory evidence that has subsequently become available and that would have affected the outcome of the trial if it had been introduced.
>
> f. The imposition of a sentence greater than the lawful maximum.

Rec. Doc. 30, Ex. C. On April 9, 2001, the PCRA Court denied Nicholas relief. Id. Nicholas did not appeal the denial of his PCRA petition to the Pennsylvania Superior Court.

On August 31, 2005, Nicholas filed the instant Petition in which he raises various challenges to his conviction and sentence. (Rec. Doc. 1). In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the Court issued formal notice to Nicholas that he could either have the Petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeal, or withdraw his Petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Rec. Doc. 24). Petitioner failed to return the notice of election form. Thus, a Show Cause Order was issued on

5

February 1, 2006. (Rec. Doc. 25). By Order dated February 17, 2006, the District Attorney of Dauphin County was permitted to file a partial answer to the habeas petition, solely addressing the implications of the applicable statute of limitations. (Rec. Doc. 28). On February 21, 2006, Respondent filed a partial answer to the Petition, arguing that it is time-barred. (Rec. Doc. 30).

**Discussion**

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. <u>The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review</u>. . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2)(emphasis added); <u>see generally</u>, <u>Jones v. Morton</u>, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when <u>direct</u> review processes

6

are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(per curiam); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, § 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of

Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir. April 17, 2001). Likewise, the statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

Nicholas' judgment of sentence was affirmed on September 23, 1999, and because he did not file a petition for review in the Pennsylvania Supreme Court, the judgment became final at the expiration of the thirty-day period to file the petition for review. See Pa.R.App.P. 1113(a). Thus, his judgment of sentence was final on October 23, 1999. Thus, the clock for filing a § 2254 petition began on October 23, 1999, and he had until October 23, 2000, to file a timely habeas corpus petition. Burns, 134 F.3d at 111. Pursuant to 28 U.S.C. § 2244(d)(2), when Nicholas filed his PCRA petition on June 29, 2000, the AEDPA's filing period was statutorily tolled with approximately three (3) months and twenty-three (23) days of the one (1) year

8

filing period remaining.  See Harris, 209 F.3d at 328.  Nicholas' PCRA petition was denied on April 9, 2001.  Because Nicholas did not file an appeal from the denial of his PCRA petition, the statutory period began to run again at the expiration of the thirty-day time period Nicholas had to file an appeal to the Pennsylvania Superior Court.  Thus, the statutory period started to run again on May 9, 2001.  Consequently, Petitioner was required to file his habeas corpus petition approximately, on or before September 1, 2001.  The instant petition was not filed until August 31, 2005, almost four years after the limitations period expired.  Thus, the Petition for habeas corpus relief under § 2254 appears to be barred by the statute of limitations.

However, the AEDPA's one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if there exists an equitable basis for tolling the limitations period. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003).  In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim."  Id. (internal citations and quotations omitted).  In his Petition, Nicholas attempts to argue that he discovered that the verdict at the trial was actually

9

that he was **not guilty** of Aggravated Assault and has therefore been improperly imprisoned. (Rec. Doc. 1, at 7). However, as is readily apparent from the trial transcript and subsequent proceedings, Nicholas was in fact found guilty of Aggravated Assault and not guilty of the charges of robbery and criminal conspiracy. In any event, Nicholas fails to demonstrate why, since the imposition of his sentence in July, 1998, he was not aware of what the verdict was, and was not able to pursue this claim until the filing of the instant Petition in August 2005. The record demonstrates that Nicholas was present in the courtroom when the verdict was announced and the verdict is matter of public record. Thus, the Court finds that there is absolutely no evidence to account for Petitioner's delay in filing the instant Petition for Writ of Habeas Corpus, and that equitable tolling is inapplicable in this matter. The Petition will be dismissed.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Petition for Writ of Habeas Corpus (doc. 1) is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.

3. All motions filed by Nicholas subsequent to the filing of the initial Petition are **DISMISSED** as moot.

4. There is no basis for the issuance of a Certificate of Appealability. See 28 U.S.C. § 2253(c).

                <u>S/ John E. Jones III</u>
                John E. Jones III
                United States District Judge